IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 SEP 29 PM 4:07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

---

JAMES LITCHFIELD,

   Petitioner,

vs.                                     No. 04-2535-Ml/V

T.C. OUTLAW,

   Respondent.

---

ORDER OF DISMISSAL
ORDER DENYING MOTION TO DISMISS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On July 15, 2004, petitioner, James Litchfield, prison registration no. 22801-044, who was formerly incarcerated as an inmate at the Federal Prison Camp in Millington, Tennessee, filed a petition under 28 U.S.C. § 2241. By order entered November 9, 2004, the Court directed Litchfield to file a properly completed <u>in forma pauperis</u> affidavit or pay the five dollar ($5.00) habeas filing fee within thirty days of the date of the entry of the order. The Court also directed the United States to respond to the petition.

On November 29, 2004, the Government requested an extension of time to respond to the petition. On December 8, 2004, the Court granted an extension of twenty-three days from the entry of the order. On January 3, 2005, the Government responded by filing a motion to dismiss.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-3-05



At the time this habeas petition was filed, Litchfield was serving a twenty four (24) month sentence imposed by the United States District Court for the Eastern District of Missouri for violating his supervised release by possessing a controlled substance during the supervised release period. Petitioner challenges a 2002 change in Bureau of Prisons ("BOP") policy, reducing the amount of time which a federal prisoner may serve in a Community Corrections Center ("CCC").

Under 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs. Similarly, 18 U.S.C. § 3624(c), permitting the BOP to release a prisoner to a community corrections facility before a mandatory release date, has been interpreted as vesting discretion in the BOP, not creating a right to such release. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992); United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991). Neither statute authorizes the relief requested.

Section 3624(c) provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, <u>not to exceed six months, of the last 10 percent of the term to be served</u> under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. (Emphasis added)

While § 3624(c) clearly allows the BOP to transfer prisoners to halfway houses, the plain language is clear that such transfers are

2

not to exceed the lesser of the last ten percent of the sentence imposed, or six months.

Because Litchfield was sentenced to twenty four months imprisonment, the statute authorizes his transfer to a halfway house only after he serves ninety percent of his sentence. Petitioner, however, contends that he is entitled to six months in a CCC. The Government responds that prior to December 2002, the BOP did not always adhere to the ten percent cap in time served in a CCC. However, in December 2002, the BOP determined it must limit CCC placement to the lesser of six months or the last 10% of the term to be served. The decision was based upon a memorandum by the Deputy Attorney General to Kathleen Hawk-Sawyer, then Director of the BOP, informing her that the BOP's practice was unlawful. The Government also advised the Court that Litchfield was scheduled to furlough to a CCC on January 10, 2005, and his projected release date was March 13, 2005.

As grounds for the motion to dismiss, the Government contends that the petition is moot. The Government alleges that notice and comment rulemaking is unnecessary for the new BOP procedure, the policy change does not implicate due process, and BOP CCC policies are not being impermissibly retroactively applied to the petitioner.

Litchfield has not responded to the motion to dismiss. Neither has he paid the five dollar filing fee or submitted an in forma pauperis affidavit despite language in the order entered November 9, 2004, which advised him that:

3

> Failure to timely comply with any requirement of this order will result in dismissal of the petition without further notice for failure to prosecute.

Furthermore, BOP records reveal that Litchfield fully served his sentence and was released from custody on April 22, 2005. At no time after Litchfield's transfer to the CCC or his release has he provided the Clerk with an updated address.

After reviewing the record as a whole, the Court determines that more compelling reasons exist to dismiss this petition than those expressed in the Government's motion to dismiss. A pro se plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) (holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). A dismissal with prejudice under Rule 41(b) is warranted only when a "clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." Consolidation Coal Co. v. Gooding, 703 F.2d at 233, quoting Gonzales v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980).

Plaintiff ignored the Court's order directing him to pay the filing fee or submit a properly completed in forma pauperis affidavit. Plaintiff's disregard of the Court's order and his failure to update the Court with any address since his release to the CCC is unreasonable and contumacious.

4

Accordingly, pursuant to Rule 41(b), plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with the order of the Court.

Alternatively, because Litchfield has been released from prison, his claim is no longer justiciable. A court's judicial power extends only over actual cases and controversies. The Court "has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." Id. See also Rosales-Garcia v. Holland, 238 F.3d 704, 713 (6th Cir. 2001)("A case is deemed moot if the relief sought would make no difference to the legal interests of the parties."); Cleveland Branch, National Association for the Advancement of Colored People v. City of Parma, 263 F.3d 513, 530 (6th Cir. 2001). A case or controversy that is no longer active can overcome the mootness doctrine only where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 148 (1975).

5

After filing this petition, Litchfield completed serving the sentence that he challenges. Given that he is essentially challenging a sentence that has already been served, Litchfield is asking this Court to consider a controversy that is no longer active. Moreover, given that Litchfield is no longer detained in any way by the Government, nor under any period of supervised release, he has failed to demonstrate that there is a likelihood that there is a reasonable expectation that he will be subject to the same complained action again. See Rosales-Garcia 238 F.3d at 713 (holding that a challenge to an INS detention is not moot where detainee is released but required to remain in a supervised release program). Thus, in the alternative, Litchfield's complaint is DISMISSED as moot. The Government's motion to dismiss Litchfield's complaint (docket entry # 6) is DENIED as MOOT.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by prisoners seeking review of federal agency determinations under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still

6

obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1]

Petitioner must seek leave to proceed *in forma pauperis* from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* As the complaint is being dismissed for petitioner's failure to prosecute or, in the alternative, because the case is moot, there is no basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is

---

[1] The fee for docketing an appeal is $250. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

7

not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this __29__ day of September, 2005.

*/s/ Jon P. McCalla*
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:04-CV-02535 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

James D. Litchfield
FPC-MILLINGTON
22801-044
P.O. Box 2000
Millington, TN 38083--200

Honorable Jon McCalla
US DISTRICT COURT